Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4391 | **DATE** | 10/3/2000 |
| **CASE TITLE** | CHARLES DECHTER FAMILY TRUST vs. ANICOM INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

STATE OF WISCONSIN INVESTMENT BOARD'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] State of Wisconsin Investment Board's motion for appointment as lead plaintiff is granted. Enter memorandum opinion and order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT - 2000 | date docketed |
| ✓ | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 00 OCT -4 PM 5: OCT 05 2000 | date mailed notice |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES DECHTER FAMILY TRUST, )
on behalf of itself and all others similarly situated, )
)
Plaintiffs, )
)
v. )
) No. 00 CV 4391
ANICOM, INC., CARLE E. PUTNAM, )
DONALD C. WELCHKO, and ) Judge John W. Darrah
SCOTT C. ANIXTER, )
)
Defendants. )

DOCKETED
OCT 05 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff, Charles Dechter Family Trust, commenced a securities class action against Anicom, Inc., Carle E. Putnam, Donald C. Welchko, and Scott C. Anixter (Anicom) on behalf of all persons who purchased or otherwise acquired Anicom common stock between February 24, 1998 and July 18, 2000 (class period), alleging violations of section 10(b) and 20(a) of the Securities Exchange Act as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78t *et seq.*) (PSLRA). Three different class members, the State of Wisconsin Investment Board (SWIB); Anna M. Smith, Martin L. Smith, and Robert A. Neslund (Smiths & Neslund); and Frank Abadie, Thomas Dillon, James M. Jung, Mikhail Sheynkop, and Gloria Ann Symmons (Anicom Plaintiff Group) seek appointment as lead plaintiff in the class action. Smiths & Neslund and Anicom Plaintiff Group also seek approval of their choice of lead counsel.

This court "shall consider any motion made by a purported class member in response to the notice" made not later than 90 days after the date of publication, and "shall appoint as a lead plaintiff

the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class member." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff is that plaintiff who "has either filed the complaint or made a motion in response to a notice," "has the largest financial interest in the relief sought," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. 78u-4(a)(3)(B)(iii)(aa), (bb), and (cc). The presumption may be rebutted by a member of the purported plaintiff class by demonstrating that the "presumptively most adequate plaintiff *** will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iv). Once a lead plaintiff has been appointed by the court, the lead plaintiff "shall, subject to the approval of the court, select and retain lead counsel." 15 U.S.C. §78u-4(a)(3)(B)(v).

Under the provisions outlined above, SWIB is presumptively the most adequate lead plaintiff. First, SWIB timely moved this court to be appointed lead plaintiff. Second, it has the largest financial interest in the relief sought. SWIB purchased 4,048,111 shares of Anicom stock during the class period at a purchase price exceeding $23 million. Through its purchases, SWIB has acquired no less than a 14% share of the Anicom's outstanding shares. In contrast, Smiths & Neslund purchased 38,192 and the Anicom Plaintiff Group purchased 25,080 shares of Anicom stock during the class period.

SWIB otherwise satifies the requirements of Rule 23. Rule 23(a) provides that a party may serve as a class representative "only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses

of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). However, typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.Y.N. 1998) (Olsten).

The typicality requirement is met if the claims of each class member arise from the same course of conduct and each class member makes similar legal arguments. In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992). SWIB's claims arise from the same course of conduct by defendants and it makes similar legal arguments as the other class member, i.e., it suffered damages after purchasing Anicom stock at artificially inflated prices during the class period based on defendants' false, misleading, and incomplete financial data.

The adequacy requirement is met where (1) the class has sufficient interest in the outcome of the case, (2) the class members do not have interests that are antagonistic to others, and (3) class counsel is qualified, experienced, and able to conduct the litigation. Olsten, 3 F. Supp. 2d at 296. SWIB's large financial interest in the outcome of the case illustrates sufficient interest in the case, it does not have interests that are antagonistic to other class members, and it states it will conduct a legal search for the most appropriate counsel to best represent the interests of all the class members. In addition, SWIB's choice of lead counsel must be approved by this court.

In summary, there is no proof to rebut the presumption in favor of SWIB as lead plaintiff. SWIB will fairly and adequately protect the interests of the class and no evidence demonstrates that SWIB is subject to any unique defenses that render it incapable of adequately representing the class.

SWIB's motion to be appointed lead plaintiff is granted. Anicom Plaintiff Group and Smiths

& Neslund motions for appointment as lead plaintiff and choice of lead counsel are denied.

Dated: October 3, 2000

JOHN W. DARRAH
United States District Judge

4