# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4391 | **DATE** | 11/20/2001 |
| **CASE TITLE** | In Re: IN RE ANICOM INC. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 12/11/01 at 9:00 a.m. Enter Memorandum Opinion And Order. Defendant PricewaterhouseCoopers (PwC) motion to dismiss is denied [146-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 21 2001 | 166 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| LG | courtroom deputy's initials | 01 NOV 20 PM 3:02 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE ANICOM INC. SECURITIES LITIGATION ) No. 00 C 4391
) 
) Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

The State of Wisconsin Investment Board brought this action on behalf of itself and the class that it seeks to represent against defendants Anicom Inc., Scott Anixter (Scott), Carl Putman (Putman), Donald Welchko (Welchko), Alan Anixter (Alan), and PricewaterhouseCoopers (PwC), alleging securities fraud in violation of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C §§ 78j(b) and 78t(a). Before this Court is defendant PwC's Motion to Dismiss.

I. FACTS

The underlying facts of plaintiff's claims, with the exception of the claims against PwC, are contained in this Court's previous Memorandum Opinion and Order addressing the individual defendants' motions to dismiss and will not be repeated here. The following facts underlying the allegations against PwC are derived from plaintiffs' First Amended Consolidated Class Action Complaint.

Anicom engaged PwC to provide independent auditing and accounting services for Anicom at all times relevant to this action. PwC audited and certified Anicom's financial statements for the years ending December 31, 1998 and 1999. PwC's reports, which were included in Anicom's 10-Ks, stated that Anicom's financial statements fairly presented Anicom's financial condition and that the results of its operations were in conformity with Generally Accepted Auditing Procedures (GAAP) and that PwC's audits were performed in accordance with Generally Accepted Auditing Standards

166

(GAAS). Plaintiff alleges that PwC's unqualified audit reports were false and misleading because Anicom's financial statements were not presented in conformity with GAAP and that PwC's report was false and misleading because PwC failed to comply with GAAS when conducting Anicom's audits.

Plaintiff's complaint includes the following allegations. PwC was so interested in preserving its lucrative financial advisory and tax work with Anicom, and because of its close ties to the Anixters, PwC refused to "blow the whistle" on the accounting fraud that was occurring. PwC failed to respond to multiple "red flags" as early as 1998. For example, an Anicom employee repeatedly told a PwC official that improper billing was occurring. Furthermore, PwC not only ignored clear warnings of fraud but also took active steps to ignore situations such as PWC senior managers' knowing of Scott Anixiter's prior fraud conviction but failing to inform others at PwC about "this heightened risk". PwC also ignored the large number of significant orders that were billed at the quarter-end and year-end.

Plaintiff also alleges specific examples of PwC's inadequate accounting practices. In connection with the 1998 year-end audit, PwC sought confirmation of a large account receivable for materials shipped to a customer. The customer informed PwC that the invoice was for material never ordered and that the invoice would not be paid. The customer informed PwC that it had only requested a quote.

During the same audit, PwC sought confirmation of a $315,000 account receivable for another customer. The customer confirmed $117,000 of this amount. PwC "justified" the $197,000 discrepancy by claiming the existence of subsequent cash payments, even though PwC's own records indicated that no subsequent payment was received from the customer.

2

In the 1999 audit, PwC sought to confirm accounts receivables for a customer. However, the auditors could not confirm the accounts because neither PwC nor Anicom could find the address of the customer. In the first quarter of 2000, PwC's auditors discovered problems with a bill-and-hold transaction for a customer and with Anicom's method of reporting rebate revenue recognition.

Plaintiff also alleges numerous instances of PwC's violating GAAS, including violating the general standard of independence, violating the general standard of due care, not properly planning the engagement, and failing to make a proper study of existing internal controls to determine whether reliance on those controls is justified.

## II. ANALYSIS

A claim may not be dismissed if there is a set of facts that, if proven, would entitle a plaintiff to relief. *Trans All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1426 (7th Cir. 1996.) The court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999). A motion to dismiss tests the sufficiency of a complaint, not its merits. *Gibson v City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, the court is not required to accept conclusory allegations as true. *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994).

Federal Rule of Civil Procedure 9(b) requires plaintiff plead the circumstances constituting fraud with particularity. "This means the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (*DiLeo*).

The Private Securities Litigation Reform Act of 1995 (PSLRA) imposes even more stringent pleading standards on private plaintiffs seeking relief pursuant to § 10(b). The PSLRA requires plaintiffs to "specify each statement alleged to have been misleading." 15 U.S.C. § 78u-4(b)(1). In

addition, plaintiffs must "state with particularity facts giving rise to a strong inference that the defendants acted with the requisite state of mind." 15 U.S.C. § 78u-4(b)(2). If these requirements are not met, the court shall dismiss the complaint. 15 U.S.C. § 78u-4(b)(3)(A).

To state a claim for securities fraud under § 10(b), plaintiffs must allege: (1) a misrepresentation or omission (2) of material fact (3) made with scienter (4) in connection with the purchase of sale of securities (5) upon which plaintiffs relied and (6) that reliance proximately caused plaintiffs' injuries. *In re Healthcare Compare Corp. Sec. Litig.*, 75 F.3d 276, 280 (7th Cir. 1996).

PwC first argues that it cannot be held liable for any misstatements made by Anicom or Anicom's officers. However, plaintiff is not attempting to hold PwC liable based on misstatements by Anicom or Anicom's officers; instead, plaintiff alleges that PwC made two misstatements of material fact: (1) that PwC conducted its audits in accordance with GAAS, when in fact it had not; and, (2) that Anicom's financial statements were prepared in accordance with GAAP, when they had in fact not been. Therefore, PwC's first basis for dismissal is without merit.

PwC next argues that plaintiff has not sufficiently pled that PwC made any misstatements with scienter.

The PSLRA provides that a complaint must "state with particularity facts giving rise to a strong inference" that the defendants acted with scienter. 15 U.S.C. § 78u04(b)(2). Scienter is established by demonstrating that the defendants had both motive and opportunity to commit fraud or by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness. *Rehm v. Eagle Finance Corp.*, 954 F.Supp. 1246, 1253 (N.D.Ill. 1997) (*Rehm*), citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2nd Cir. 1994); *In re Nanophase Tech. Corp. Sec. Litig.*, 2000 WL 1154631 (N.D.Ill. Aug. 4, 2000) (*Nanophase*). 'Reckless conduct is, at the

4

least, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care ... to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it.' Rehm, 954 F.Supp. at 1255, quoting *Rolf v. Blyth, Eastman Dillion & Co.*, 570 F.2d 38, 47 (2nd Cir. 1978).

General accounting practice violations and/or financial restatements, standing alone, are insufficient to raise an inference of scienter. *See Rehm*, 954 F.Supp. at 1255. However, violations of general accounting procedures combined with other circumstantial evidence can suggest fraudulent intent sufficient to support a strong inference of scienter. *Chu v Sabratek Corp.*, 100 F.Supp.2d 815, 824 (N.D.Ill. 2000) (*Chu*).

PwC argues that plaintiff has not sufficiently pled that it acted knowingly or with reckless disregard. PwC attacks the basis of plaintiff's scienter allegations as insufficient to show scienter. Plaintiff argues that, while each separate allegation may not be enough to establish scienter, the complaint when read as a whole, sufficiently pleads scienter.

In the instant case, plaintiff alleges that PwC had actual knowledge of, and ignored, at least two allegations of fraud by Anicom through complaints by two Anicom employees and the results of an Audit Committee. Plaintiff adequately pled the who, what, where, and how of these allegations. Plaintiff also alleges that PwC engaged in several violations of general accounting practices. Furthermore, plaintiff alleges several examples of other evidence that is indicative of fraud of which PwC allegedly knew or should have known. These include the sheer magnitude of Anicom's overstatements, the pervasiveness of the fraud, PwC's intimate knowledge of Anicom's business, and PwC's ties to Anicom. These allegations are sufficient to withstand PwC's motion to dismiss. The above allegations of accounting violations combined with the other alleged

5

circumstantial evidence sufficiently support a strong inference of scienter. *See Chu*, 100 F.Supp.2d at 824 (finding alleged violations of GAAP combined with other circumstantial evidence suggesting fraudulent intent supported a strong inference of scienter); *Rehm*, 954 F.Supp. at 1255-56 (allegations of GAAP violations and other circumstantial evidence sufficiently pled scienter).

PwC also argues that plaintiff's allegations are insufficient to establish loss causation.

"Loss causation" is the "standard rule of tort law that the plaintiff must allege and prove that, but for the defendant's wrongdoing, the plaintiff would not have incurred the harm of which he complains." *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 685 (7th Cir. 1990).

In the instant complaint, plaintiff alleges that they purchased their shares at inflated prices due to the PwC's misrepresentations in 1998 and 1999; had the plaintiff known the truth, it would not have purchased such stock. Once the truth became known in July 2000, the stock became worthless; and plaintiff was damaged as result of the alleged wrongdoings. These allegations sufficiently plead loss causation. *See Retsky Family Limited Partnership v. Price Waterhouse*, 1998 WL 774678 (N.D.Ill. Oct. 21, 1998 (complaint adequately pled facts from which it could be inferred that the cause of the loss was overinflation and not some other cause); *Johnson v. Mutual Savings Bank*, 1996 WL 79414 (N.D.Ill. Feb. 21, 1996).

For the reasons stated above, PwC's Motion to Dismiss is denied.

Dated: November 20, 2001

JOHN W. DARRAH
United States District Judge