# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4391 | **DATE** | 3/26/2002 |
| **CASE TITLE** | In Re: IN RE: ANICOM | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion hearing held. Status hearing is set for April 25, 2002 at 9:00 a.m. Plaintiff, State of Wisconsin Investment Board's agreed motion to extend briefing time on PricewaterhouseCoopers class certification is denied as untimely. Enter Memorandum Opinion And Order. State of Wisconsin Investment Board's motion for class certification is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAR 27 2002 date docketed | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE ANICOM INC. SECURITIES LITIGATION  )  No. 00 C 4391
                                                                                                  )
                                                                                                  )  Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

The State of Wisconsin Investment Board ("SWIB") brought this action on behalf of itself and the class that it seeks to represent against Defendants Anicom Inc., Scott Anixter ("Scott"), Carl Putman ("Putman"), Donald Welchko ("Welchko"), Alan Anixter ("Alan"), and PricewaterhouseCoopers ("PwC"), alleging securities fraud in violation of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C §§ 78j(b) and 78t(a). This Court has already certified a class by stipulation of SWIB and Defendants Scott, Putnam, Welchko, and Alan (collectively "Anicom Directors and Officers").[1] Plaintiffs have since filed a First Amended Consolidated Complaint which adds additional claims against auditors PwC.[2] Presently before this Court is SWIB's Motion for Class Certification as to PwC.

The underlying facts of plaintiff's claims are contained in this Court's previous Memorandum Opinion and Orders addressing the individual Defendants' motions to dismiss and need not be repeated here.

Plaintiff seeks class certification under Federal Rule of Civil Procedure 23(b)(3) of:

> All persons or entities who purchased shares of the common stock of Anicom, Inc. ("Anicom" or the "Company") on the open market

---

[1] The Court previously approved a settlement between the Anicom Directors and Officers, Anicom's unsecured creditors, and Anicom's secured lenders.

[2] Recently, the Court denied PwC's motion to dismiss this complaint.

during the period February 17, 1999 through July 18, 2000 (the "Class Period"), inclusive, and who were damaged thereby. Excluded from the Class are defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

Allegations made in support of class certification are considered true (*Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993)); and, as a general matter, this Court does not examine the merits of the case (*Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993)). However, a court "may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N.D. Ill 1998), citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996).

PwC did not file a response to SWIB's Motion for Class Certification. While PwC's lack of response may be interpreted as acquiescence of SWIB's allegations made in the motion for class certification, SWIB still bears the burden of establishing that class certification is proper. *See Trull v. Plaza Assoc.*, 1998 WL 578173 (N.D. Ill. Sept. 3, 1998).

To receive class certification, SWIB must satisfy all four elements of Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). SWIB must also satisfy at least one of the three provisions under Rule 23(b).

Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiff need not demonstrate the exact number of class members so long as a conclusion is apparent from good-faith estimates (*Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997)), and the court is entitled to make "common sense

2

assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984)).

SWIB contends that while the exact number of persons who purchased common stock of Anicom during the class period cannot be determined until relevant discovery has been completed, it believes that the number is likely to be in the thousands. This is supported by the mere number of outstanding common stock of Anicom and the fact that such stock was actively traded. PwC does not dispute this allegation. The numerosity requirement is satisfied.

Commonality and Typicality

Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Rosario*, F.2d at 1017.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it arises from the same event or practice or course of action that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018.

Here, SWIB alleges that PwC omittted from, or misrepresented in, public statements and financial documents about Anicom in violation of the Securities Act. Common operative facts and common legal issues include: (1) whether the federal securities laws were violated by Defendants' acts and omissions; (2) whether Defendants participated in and pursued the common course of

3

conduct; (3) whether financial statements, audit reports, press releases, and other statements disseminated to the investing public and Anicom's shareholders omitted to state and/or misrepresented material facts about the business, products, financial condition, and business prospects of Anicom; (4) whether Defendants acted willfully, knowingly, or recklessly; (5) whether the market price of Anicom's common stock was artificially inflated due to the alleged conduct by the Defendants; (5) and PwC's proportionate liability under the Securities Act. This conduct that encompasses SWIB's claims arises from the same events and course of action, and the claims are based on the same legal theory. Accordingly, commonality and typicality exist in the instant case. *See Rosario*, 963 F.2d at 1017-18.

Adequacy of Representation

The class representatives must "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). In determining adequacy of class representation, the court considers whether (1) any conflicts of interest exist between the named plaintiffs and the class members and (2) whether the named plaintiffs' counsel will adequately protect the interests of the class. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D.Ill. 1996).

PwC does not argue that SWIB would not provide adequate class representation. SWIB has been approved as the Lead Plaintiff of the class action against the Anicom Directors and Officers, and this Court has previously positively commented on SWIB's work and settlement in that action. Furthermore, the Court cannot identify any conflicts between Plaintiff and the class members or an inadequacy in Plaintiff's counsel's ability to protect the interests of the class.

Rule 23(b)(3)

Plaintiff seeks class certification under Rule 23(b)(3). Rule 23(b)(3) provides that a class

4

action may be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

As discussed above, the questions of law and fact to the members of the class, as set forth in the First Amended Complaint, are similar to the proposed class members and would predominate over questions affecting individual class members. Furthermore, a class action is superior to the available methods for the fair and efficient adjudication of this controversy. Accordingly, the Court finds that the requirements of Rule 23(b)(3) are met.

IT IS THEREFORE ORDERED:

A. SWIB's Motion for Class Certification is granted.

B. The certified class shall be defined as:

> All persons or entities who purchased shares of the common stock of Anicom, Inc. ("Anicom" or the "Company") on the open market during the period February 17, 1999 through July 18, 2000 (the "Class Period"), inclusive, and who were damaged thereby. Excluded from the Class are defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

Dated: March 26, 2002

JOHN W. DARRAH
United States District Judge