## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4391 | **DATE** | 11/6/2002 |
| **CASE TITLE** | In Re: IN RE: ANICOM, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendants', Putman and Welchko's, motion to stay proceedings is denied. Illinois National and AIGTS's motion to quash subpoenas for depositions and accompanying requests for documents is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 08 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 260 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE ANICOM INC. SECURITIES LITIGATION ) No. 00 C 4391
)
) Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

The State of Wisconsin Investment Board ("SWIB") brought this class action against Defendants, Anicom Inc., Scott Anixter ("Scott"), Carl Putman ("Putman"), Donald Welchko ("Welchko"), Alan Anixter ("Alan"), and PricewaterhouseCoopers ("PwC"), alleging securities fraud in violation of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C §§ 78j(b) and 78t(a). Presently before the Court are two motions: (1) Defendants', Putman and Welchko's, Motion to Stay Proceedings and (2) Illinois National Insurance Company ("Illinois National") and AIG Technical Services, Incorporated's ("AIGTS") Motion To Quash Subpoenas for Depositions and Accompanying Requests for Documents.

## Motion to Stay Proceedings

The motion to stay was filed on September 26, 2002. Defendants' depositions were scheduled for October 23, 2002; and dispositive motions are to be filed on or before December 23, 2002. Defendants, Putnam and Welchko, seek to stay the instant proceedings until the completion of a related federal criminal investigation. Defendants argue that a stay is appropriate because key witnesses in this case have declined or have stated that they will decline to testify at depositions based on their Fifth Amendment rights against self-incrimination. Therefore, Defendants' abilities to obtain evidence with which to defend the civil action will be severely compromised. Furthermore, the Defendants themselves are scheduled to be deposed and face the dilemma of invoking their Fifth



Amendment right against self-incrimination or risk a negative inference for invoking such right in the instant civil case.

The court has the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate. *See Afro-Lecon, Inc. v. United States*, 299 U.S. 248, 254-55 (Fed. Cir. 1987); *Cruz v. County of DuPage*, 1997 WL 370194 (N.D. Ill. June 27, 1997) (*Cruz*). Factors the court considers in determining whether a stay should be granted in a civil trial based on the existence or potential existence of a criminal proceeding include: (1) whether the two actions involve the same subject matter, (2) whether the two actions are brought by the government, (3) the posture of the criminal proceeding, (4) the public interests as stake, (5) the plaintiff's interests and possible prejudice to the plaintiff, and (6) the burden that any particular aspect of the proceedings may impose on the defendants. *See Cruz*, 1997 WL 370194 at * 2.

Putnam and Welchko have been advised that they are targets of a federal grand jury investigation being conducted in relation to suspected violations of the securities laws and bank fraud statutes. The investigation pertains to the same time period and same general sets of allegations made in the civil suit. Accordingly, the same subject matter is involved in both proceedings, and this factor weighs in favor of granting the stay.

As to the second factor, the civil action was not brought by the government, and the government is not a party to the civil action. Thus, this factor weighs in favor of denying the stay. *See Cruz*, 1997 WL 370194 at * 3 (danger that government may use civil discovery to obtain evidence and information for criminal prosecution not present when government has not brought both actions).

As stated above, Defendants are aware that they are being investigated for possible criminal

action in relation to the alleged fraudulent securities transactions that are the bases of the instant civil suit. To date, the Defendants have not been indicted. In their reply brief, Defendants contend that criminal charges are expected by year-end. Based on these facts, Defendants have only a threat of indictment, and this factor weighs in favor of denying the stay. *See SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (*Dresser*) (where no indictment has issued, the purpose of staying a civil proceeding is "far weaker"); *State Farm Mutual Automobile Ins. Co. v. Beckman-Easley*, 2002 WL 31111766 (E.D. Pa. Sept. 18, 2002) (fact that no indictment had issued weighed in favor of denying stay); *United States v. Private Sanitation Ind. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805-06 (E.D.N.Y. 1992) (*Private Sanitation*) ("Pre-indictment requests for a stay of civil proceedings are generally denied.").

As to the public interest, the public does have interest in the resolution of alleged security fraud that cost multiple inventors to allegedly lose substantial amounts of money. Accordingly, this factor weighs in favor of denying the stay.

Plaintiff has an interest in the timely resolution of its suit. Further, Plaintiff argues that it will be substantially prejudiced by a stay of the civil proceedings because the motion for a stay occurred at such a late date, immediately prior to the close of discovery and the filing of dispositive motions, and because the Defendants will be depleting insurance monies that could be used in the civil action. These facts demonstrate that a stay would be prejudicial to the Plaintiff. This factor weighs in favor of denying the stay.

The present burden on the Defendants is the absence of testimony by certain individuals that have evoked the Fifth Amendment privilege in their deposition that could be helpful to their defense. However, Plaintiffs have the same burden because it is not clear which party, if either, would benefit

from such testimony by these employees who were under the control of Defendants. Defendants also face the dilemma of invoking their Fifth Amendment right against self-incrimination or risk a negative inference for invoking such right in the instant civil case. However, because no indictment has been returned, no Fifth Amendment privilege is threatened. *Dresser*, 628 F.2d at 1376. While a defendant may be required to make a choice between incriminating himself or risking adverse consequences in a civil action, such is not that unusual. A defendant who elects to take the Fifth Amendment in a civil action is not entitled to exemption from the adverse inferences that arise from doing so. *See In re High Fructose Corn Syrup*, 295 F.3d 651, 663, (7th Cir. 2002). Furthermore, Defendants have already invoked the Fifth Amendment privilege in this litigation during discovery and before the Securities and Exchange Commission. Thus, it is disingenuous for Defendants to now argue that they will be prejudiced for exercising a right that they have repeatedly invoked in the past. *See Private Sanitation*, 811 F. Supp. at 807.

Consideration of these factors supports the conclusion that a stay at the present time is not warranted. Accordingly, Defendant's Motion to Stay Proceedings is denied.

### Motion to Quash Subpoenas for Depositions and Accompanying Requests for Documents

Illinois National and AIGTS seek to quash the subpoenas for depositions and accompanying requests for documents served upon them by SWIB. Illinois National and AIGTS are not parties to the present suit. Illinois National issued a Directors, Officers and Corporate Liability Insurance Policy (the "policy"), which may apply to certain losses incurred by Anicom directors and officers arising out of their alleged wrongful acts. AIGTS is the authorized handler for Illinois National.

The subpoenas at issue requested virtually the same documents:

> All documents relating to Anicom's Directors, Officers and Corporate

> Liability Insurance Policies ("policies"), including but not limited to:
> a. Any application or related document submitted by Anicom or requested by Illinois National or AIG in connection with Anicom's purchase of additional coverage (i.e., increased limits on existing policies);
> b. all applications for any policies purchased by Anicom;
> c. all renewal applications for any policies purchased by Anicom;
> d. any other documents requested by or submitted to the Insurer of any policies purchased by Anicom;
> e. all correspondence regarding any policies purchased by Anicom.

The subpoenas seek testimony as to: (1) the authenticity of the documents produced by Illinois National and AIGTS in response to the subpoenas; (2) the names of the people at Illinois National and AIGTS who had contact with Anicom and/or their employees, agents, officers, and directors; (3) the search for and collection of documents requested by SWIB in response to the subpoenas; (5) the underwriting of any policies sold to Anicom; and (6) the claims handling of any claims made on any policies sold to Anicom.

In their response to the instant motion, SWIB states that it has narrowed its request to those documents in the insurers' possession that were sent to or received from Anicom or its brokers and that depositions are not required if the documents are certified as business records of the insurers.

Discovery is allowed if the matter sought bears on, or could reasonably lead to other matters that could bear on, any issue that is or may be in the case. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Federal Rule of Civil Procedure 26 requires that any insurance agreement is discoverable under which any person carrying an insurance business may be liable to satisfy part or all of a judgment which may be entered. Fed. R. Civ. P. 26(a)(1)(D). The disclosure of insurance coverage is allowed "to enable counsel for both sides to make the same realistic appraisal of the case,

so that settlement and litigation strategy are based on knowledge and not speculation." Fed. R. Civ. P. 26 cmt. (1970). The purpose of the rule is to enable counsel to realistically appraise a case and is meant to be conducive to settlement. *See Wegner v. Cliff Viessman, Inc.*, 153 F.R.D. 154, 161 (N.D. Iowa 1994) (*Wegner*); *Potomac Elec. Power Co. v. California Union Ins. Co.*, 136 F.R.D. 1, 2 (1990) (*Potomac*); *Michael Reese Hosp. & Med. Ctr.*, 1992 WL 477018 (N.D. Ill. Jan. 13, 1992) (*Michael Reese*). However, requiring liability insurance policies be made available for inspection and copying does not require disclosure of applications for insurance. Fed. R. Civ. P. 26 cmt. (1993); *see also Potomac*, 136 F.R.D. at 2; *Michael Reese*, 1992 WL 477018 at * 1.

In the instant case, Illinois National and AIGTS do not contest that they are required to supply SWIB with the insurance policies. Illinois National and AIGTS argue that they are not required to provide all of the other documents that SWIB is requesting because they are not relevant to SWIB's securities fraud case.

SWIB argues that the information sought is discoverable under Rule 26 because Illinois National and AIGTS have indicated that 10 million dollars of the 25 million dollar insurance policy is not available because of misrepresentations with respect to material matters in the application for insurance coverage in February 1999. SWIB contends that settlement discussions with the Defendants ceased after Illinois National and AIGTS indicated that only 15 million dollars was available under the policies.

As stated above, Illinois National and AIGTS are not parties to the instant suit. In addition, no action has been filed against Illinois National or AIGTS to determine coverage obligations under the insurance policy. The Rules clearly provide and Illinois National and AIGTS do not disagree that SWIB be provided the insurance policy. Therefore, the policy shall be provided.

However, while SWIB may want the additional 10 million dollars to be available and may want to know the specifics of why such amount is not available, this material is not relevant to its claims against Defendants for securities fraud. *See Wegner*, 153 F.R.D. at 160-61 (denying additional discovery pertaining to insurance policy because plaintiff received information indicating how much money was available for settlement); *Potomac*, 136 F.R.D. at 2 (denying discovery of communications with reinsurers because the "[c]ourt will not authorize a fishing expedition"). Illinois National and AIGTS's Motion to Quash Subpoenas for Depositions and Accompanying Requests for Documents is granted except that a copy of the policy shall be provided at the request of the Plaintiff.

For the foregoing reasons, Defendants', Putman and Welchko's, Motion to Stay Proceedings is denied. Illinois National and AIGTS's Motion To Quash Subpoenas for Depositions and Accompanying Requests for Documents is granted.

Dated: November 6, 2002

JOHN W. DARRAH
United States District Judge